UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN KOHUTE, | Case No. 2:25-cv-02439-ART-MDC |
| Petitioner, | ORDER |
| v. | |
| DOCTOR PROCTNER, *et al.*, | |
| Respondents. | |

Kevin Kohute, who is incarcerated at the Smith County Jail, in Tyler, Texas, initiated this habeas corpus action, *pro se*, on December 8, 2025, by submitting for filing an application to proceed *in forma pauperis* (ECF No. 1) and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1).

Kohute has not paid the filing fee for this action. He has filed an application to proceed *in forma pauperis*, but he has not provided any of the information called for on the form he used to draft the application. (ECF No. 1.) The Court will deny that application.

Nevertheless, the Court has examined Kohute's petition and determines that it is frivolous and without merit, that this Court is without jurisdiction to adjudicate it, and that it must be summarily dismissed.

Kohute is in custody in the Smith County Jail, in Tyler, Texas. (ECF No. 1-1 at 1.) Kohute appears to complain about his incarceration at that jail ("I have been committed illegally against my will….") ("I'm in jail on false arrest.") and his treatment there ("I'm being forced by death row Doctor Proctner to do [an] incompetent MHMR test at a state hospital…."). (*Id.* at 2.) Kohute does not allege any connection to the State of Nevada and none of the named respondents are located in Nevada. (*See id.*) Therefore, as no person with custody of Kohute, nor any of the named respondents, is within the jurisdiction of this Court, and

1

because this Court could not possibly grant Kohute habeas corpus relief, this Court is without jurisdiction over this action. "District Courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)).

The Court recognizes that it has discretion to transfer this case to the federal district court with jurisdiction over the Smith County Jail, which would be the United States District Court for the Eastern District of Texas, were it in furtherance of justice to do so. *See* 28 U.S.C. § 1631; 28 U.S.C. § 2241(d). But the Court has examined Kohute's habeas petition and finds that it is wholly without merit; it does not allege specific facts, or assert a valid legal ground, on which federal habeas corpus relief could be granted. The Court will summarily dismiss this frivolous habeas corpus action.

It is therefore ordered that Petitioner's Application to Proceed *in Forma Pauperis* (ECF No. 1) is denied.

It is further ordered that this action is dismissed without prejudice. The petitioner is denied a certificate of appealability. The Clerk of the Court is kindly directed to enter judgment accordingly and close this case.

DATED THIS 19th day of December, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2